# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:97-CR-52

United States of America

v.

Ryan Edward Poullard
                                    Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 29, 2011 alleging that Defendant, Ryan Edward Poullard, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on February 4, 1998 before The Honorable Richard A. Schell, U.S. District Judge of the Eastern District of Texas, after a jury found him guilty to the offense of possession with intent to distribute cocaine base. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of III, was 188-235 months. The District Court sentenced Defendant to 188 months' imprisonment,[1] to be followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions, including, *inter alia*: that defendant refrain from any unlawful use of a controlled substance, not leave the judicial district without permission from the Court or probation officer, and that he is to notify the probation officer ten days prior to any change of residence or employment.

## II. The Period of Supervision

Defendant began serving his term of supervised release in the Southern District of Texas, Houston Division, on April 1, 2008. On September 10, 2010, Mr. Poullard's supervision was transferred to the Western District of Louisiana, Lafayette Division, where it remains; jurisdiction of the case continues in the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on June 29, 2011. The petition alleges that defendant violated the following conditions of release:

---

[1] On March 17, 2008, Defendant's sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2), which amended his offense level to 32 (from 34) and reduced his sentencing guideline range to 151-188 months. Mr. Poullard's reduced sentence was 151 months' imprisonment, with all other provisions of his original judgment remaining in effect.

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall refrain from any unlawful use of a controlled substance. |
| 2. Standard Condition: | | Defendant shall not leave the judicial district without permission of the court or probation officer. |
| 3. Standard Condition: | | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |

As grounds, the petition alleges that: (1) on March 24, 2010, while being supervised in the Southern District of Texas, Mr. Poullard submitted a urine specimen which returned positive for the use of marijuana; and (2) according to information received from the U.S. Probation Office, Western District of Louisiana, Mr. Poullard left the judicial district on or about May 7, 2011 to travel to Ethiopia without permission of the Court or notifying his probation officer.

## IV. Proceedings

On September 22, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant pled "true" to the Government's second allegation that he violated conditions of supervised release, to wit: leaving the judicial district without the permission of the Court or probation officer. Further, the parties agreed the court should revoke defendant's supervised release and impose 5 months' imprisonment, with no term of supervised release thereafter.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, it may revoke a term of supervised release and require the

defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by leaving the judicial district without permission of the court or probation officer, he would be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the allegation that he violated a court-ordered condition of supervised release by traveling to a foreign country without the permission of the Court. Based upon defendant's plea of "true" to the second allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is III. Policy guidelines suggest 5-11 months imprisonment upon revocation, with a statutorily authorized maximum imprisonment term of at least four years. Defendant did not comply with the conditions of his supervision, and has demonstrated an inability to adhere to conditions of supervision. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that defendant violated a standard condition of supervised release by leaving the judicial district without the permission of the Court or probation officer, in the manner alleged in the petition;

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. Defendant should be sentenced to a term of imprisonment of 5 months; and

5. Upon release of imprisonment, defendant should not be placed on supervised release.

## VIII.  OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report.  Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 26th day of September, 2011.

_____
Zack Hawthorn
United States Magistrate Judge